## Joseph Salerno, Appellee, v. Missouri and Illinois Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of St. Clair county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

### Statement of the Case.

Action by Joseph Salerno against Missouri and Illinois Coal Company to recover for personal injuries sustained by plaintiff while working in defendant's mine. The declaration consisted of four counts, three statutory counts and one common-law count. The three statutory counts alleged that the mine examiner failed to furnish props when demanded, failed to inspect the roof of the mine and to make a record of the dangerous condition of the roof of the mine, and that he failed to mark the roof as dangerous. The common-law count alleged the same condition of the roof of the mine and that the mine manager after a demand for props inspected the roof, informed plaintiff that the roof was safe and directed plaintiff to proceed with his work. A plea of the general issue was filed. From a judgment entered on a verdict in favor of

plaintiff for one thousand two hundred and fifty dollars, defendant appeals.

BARTHEL, FARMER & KLINGEL, for appellant.

WEBB & WEBB, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

## Abstract of the Decision.

1. MINES AND MINERALS, § 173*—*when evidence sufficient to warrant recovery under declaration.* In an action by a miner for personal injuries sustained by the fall of the roof of a mine, evidence *held* sufficient to sustain a recovery under the statutory counts in the declaration charging the mine examiner with failure to furnish props and to inspect and mark the dangerous condition of the roof.

2. NEGLIGENCE, § 48*—*proximate cause.* The proximate cause is not necessarily the beginning cause but the efficient cause, such a cause in the absence of proof which the court would say as a matter of law the injury would not have occurred.

3. MINES AND MINERALS, § 84*—*what constitutes a wilful violation of the statute.* A wilful violation of the Miner's Act is nothing more than a conscious violation thereof, and such is to be determined from all the facts and circumstances in evidence.

4. MINES AND MINERALS, § 194*—*when requested instruction properly refused.* An instruction telling the jury "that if you believe from the evidence that the plaintiff knew the roof in his working place was loose and liable to fall and injure him, and that knowing this continued to work under such dangerous roof and was injured in consequence thereof, then you should find defendant not guilty as to the fourth count," *held* properly refused as ignoring the alleged examination of the mine manager and his assurances of safety, and also as ignoring the principal of law that although plaintiff may have known there was some danger, yet if the danger was not such that an ordinary prudent person would refuse to work, then he might continue.

5. APPEAL AND ERROR, § 1560*—*when refusal of requested instruction not error.* The refusal of a requested instruction applicable to only one count in the declaration is immaterial where the evidence is sufficient to support the verdict and judgment under other counts.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

6. APPEAL AND ERROR, § 1561*—*when refusal of requested instruction harmless.* The refusal of a requested instruction is not reversible error where it was practically covered by other instructions given.